## BURKS *v.* COMMISSIONERS OF DOUGHERTY COUNTY.

*Simmons, C. J.*—The commissions allowed to county treasurers under section 3703 of the code, viz., two and a half per cent. on all sums received and paid out up to $10,000, and one and a quarter per cent. on all sums in excess of that amount, are to be computed upon their annual receipts and disbursements. The fact that these officers are required by section 508(a) of the code to make returns to the grand juries of their respective counties at each term of the superior court does not authorize a county treasurer to strike a balance at every such term, charge two and a half per cent. on all sums received and paid up to $10,000, as shown by his account thus balanced, and then begin a new account and charge the same rate of commissions on amounts included in it up to $10,000, and in this manner realize that rate of commissions on amounts received and disbursed in the same year in excess of $10,000. The fact that the grand juries have approved the treasurer's returns as submitted to them cannot affect the question as to the amount of his lawful compensation.                    *Judgment affirmed.*

June 12, 1896. By two Justices. Argued at the last term.

Affidavit of illegality. Before Judge Bower. Dougherty superior court. April term, 1895.

The commissioners of roads and revenues of Dougherty county issued an execution against Burks and the sureties on his bond as county treasurer, and he filed an affidavit of illegality. The issue was submitted to the judge upon an

agreed statement of facts; and he overruled the illegality. The facts agreed on are as follows:

Burks for many years has been and is now clerk of the superior court and ex officio treasurer, and was in 1893, when it is claimed that he charged the county the $141.09 too much for commissions as treasurer. He made all the reports required of him by law, and made semi-annual reports to the grand juries as required, and made up a balance in each report to the grand jury, showing the exact condition of the county; and if said balance exceeded $10,000, he charged two and half per cent. for receiving, and the same amount for paying out up to the sum of $10,000, and on the excess of $10,000 he charged one and a fourth for receiving, and a like sum for paying out, on all receipts and disbursements. The grand juries at every term of the court for years back examined his reports, as well as for the year 1893, and approved them and his commission charges. The difference between the amount of commissions to the treasurer charged on a semi-annual balance would be in his favor to the amount of the execution, $141.09. The commissioners claim that he should pay this sum back into the treasury, because it was an excessive charge; and he claims that it is his money, and that he charged only legal and proper commissions; the true question desired settled being, is the annual balance the basis for commission charges, or is the semi-annual balance to the grand juries the proper basis?

*Jones & Bacon,* for plaintiff in error.
*D. 'H. Pope,* contra.